UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                            CASE NO. 6:22-cr-184-RBD-EJK

RAKEEM OLAJUWON HILL

**UNITED STATES' RESPONSE TO THE COURT'S
DIRECTIVE REGARDING DISMISSAL OF THE INDICTMENT**

Pursuant to the Court's order dated October 20, 2023, at Doc. 117, the United States of America, by and through Roger B. Handberg, United States Attorney for the Middle District of Florida, respectfully requests the Court not dismiss Defendant Hill's Indictment.

## BACKGROUND

Law enforcement officers arrested the Defendant on November 3, 2022, pursuant to a one-count Indictment filed on October 26, 2022, charging the Defendant and co-defendant Kenyatta Jahmal Browne with knowingly and willfully conspiring with each other and others to possess with the intent to distribute, and distribute, 500 grams or more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), punishable by a minimum mandatory term of ten years up to life imprisonment.[1]  Doc. 1.  The Defendant made his initial appearance on November 3, 2022, and the Court released

---

[1] Defendant Browne pleaded guilty on February 1, 2023, the Court accepted his guilty plea and adjudicated him guilty on February 15, 2023, and the Court sentenced him on August 7, 2023.  Docs. 65, 69, 78, and 108 – 109.

him from detention on pretrial conditions based on the joint recommendations of the parties. Docs. 9 and 36 – 38.   The Court informed the Defendant that Osceola County, FL, had a no-bond detainer warrant for him, and the Court directed the Defendant to report to Pretrial Services after his release.   Doc. 39.

The Defendant's litigation proceeded, and on January 27, 2023, the United States filed a plea agreement signed by counsel for the government, the Defendant, and counsel for the Defendant.   Doc. 61.   Counsel for the Defendant subsequently had concerns related to the Defendant's Attention-Deficit Hyperactivity Disorder ("ADHD"), met with the Defendant on January 28, 2023, spoke with the Defendant's mother on January 30, 2023, and during the same time period discovered a State of Florida court's determination that the Defendant was incompetent.   Doc. 62 at 2.   The Defendant requested that the Court hold a hearing to determine his mental competency to proceed, the United States did not oppose, and the Court granted the motion on February 15, 2023.   Docs. 62 and 77.

The Court and parties received the Defendant's competency evaluation on or around March 23, 2023, and the Court scheduled a competency hearing.   Docs. 83 and 87.   On April 13, 2023, the parties informed the Court they had no objection to the findings of the psychological report and agreed the defendant was incompetent to proceed.   Doc. 91.   The Court committed the Defendant to the custody of the Attorney General for hospitalization and competency restoration on April 14, 2023, and to date he still awaits acceptance into FMC-Butner, a pre-hospitalization delay of six months and twenty-one days.   Docs. 91 and 92.

In response to the Court's order at Doc. 111, the United States provided the Court a status update of the Defendant's situation. Doc. 112. The United States later recommended, in response to the Court's show cause order at Doc. 113, the Defendant's release from federal custody pending placement at FMC-Butner given the delays in hospitalization due to backlogs within the Bureau of Prisons, though recognizing the Defendant still had detainer warrants in the State of Florida that would complicate his full custodial release. Doc. 115.

The Defendant argues that, given the Defendant's delayed placement at FMC-Butner for competency restoration, the Court should dismiss the Indictment, as the delay represents a violation of the Defendant's right to due process. Doc. 116 at 3. The Court ordered the United States to directly respond to the issue of dismissal of the Indictment at Doc. 117.

The Court should not dismiss the Defendant's Indictment because (1) the Defendant's pre-hospitalization delay and continued detention do not violate the Insanity Defense Reform Act, specifically 18 U.S.C. § 4241(d), and (2) the Defendant's pre-hospitalization delay and continued detention do not violate his due process rights. The type of pre-hospitalization delay the Defendant currently faces is becoming more common given the increasing need for competency restoration in the federal criminal justice system, a need that is accelerating and the Bureau of Prisons is taking action to address, as set forth in Dr. Dia Boutwell's declaration. *See* Doc. 115-1. But the response to this serious problem should not be dismissal of the Indictment.

1. **The Defendant's delayed placement at FMC-Butner and continued detention do not violate 18 U.S.C. § 4241(d).**

18 U.S.C. § 4241(d) requires courts "to commit the defendant to the custody of the attorney general" upon finding a defendant to be incompetent, as was done in this case at Doc. 92. After a court's commitment order,

> the Attorney General shall hospitalize the defendant for treatment in a suitable facility . . . for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward . . .

Id. The time limit of reasonableness not to exceed four months required by 18 U.S.C. § 4241(d) governs the length of a defendant's custodial hospitalization, or the time that a defendant is hospitalized. *See United States v. Magassouba*, 544 F.3d 387, 410 (2d Cir. 2008) (although the district court determined the defendant was incompetent on October 13, 2004, the 18 U.S.C. § 4241(d)(1) four-month period did not begin until the defendant was actually hospitalized on December 22, 2004); *see also United States v. Jones*, CR 19-27-BU-DLC, 2020 WL 7127321, at *2 (D. Montana Dec. 4, 2020) ("By its plain terms, the 'reasonable period of time, not to exceed four months' does not begin to run until the defendant is hospitalized."); *United States v. Lee*, No. 1:21-cr-20034-Altonaga, 2022 WL 18275882, at *4 (S.D. Fla. Dec. 27, 2022) (court found that the "plain language" of 18 U.S.C. § 4241(d) indicates that the four-month time limit applies only to hospitalization). Thus

> the hospitalization sentence in § 4241(d)(1) is separate and distinct from the committal sentence. And the four-month time limit refers back to the word "hospitalization" in that sentence. The committal sentence contains no time frame. While the court is sympathetic to [the defendant's] argument that it

4

> only makes common sense to read the committal period as subsumed in the hospitalization time period, the plain text does not support that reading. The court's role is to read the statute as it is written, not to rewrite it so that it makes more sense as a matter of public policy.

*United States v. Berard*, No. 22-cr-88-01-LM, 2023 WL 3178793, at *7 (D. New Hampshire May 1, 2023).

Because the Defendant has not yet been admitted to FMC-Butner to receive the ordered competency restoration treatment, the Attorney General has not hospitalized him yet. Therefore, 18 U.S.C. § 4241(d) has not been violated, given the four-month limit provided in the statute has not yet begun, and dismissal of the Indictment would not be appropriate.

Furthermore, in this context, the Defendant is not being detained for the purpose of restoring his competency. He is being detained pursuant to the Bail Reform Act and/or detainer warrants in the State of Florida. The United States has recommended the Defendant's release from federal custody subject to the reasonable conditions of release previously pronounced (*see* Docs. 38 and 115) as he awaits placement at FMC-Butner. The fact that the Defendant has a detainer warrant in the State of Florida possibly complicating his release is not a problem created by the United States nor related to backlogs at FMC-Butner.

    **2.**    **The Defendant's delayed placement at FMC-Butner and continued detention do not violate his right to due process**.

The Fifth Amendment guarantees the right against deprivation of "life, liberty, or property, without due process of law." U.S. Const. amend. V. "The Due Process Clause of the Fifth Amendment prohibits the government from trying a

defendant who is incompetent." *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005); *see also Indiana v. Edwards*, 554 U.S. 164, 170 (2008) ("[T]he Constitution does not permit trial of an individual who lacks 'mental competency.'").

To establish a due process violation, which the Defendant alleges (*see* Doc. 116 at 3), the violation "must be so outrageous that it is fundamentally unfair and shocking to the universal sense of justice." *United States v. Ofshe*, 817 F.2d 1508, 1516 (11th Cir. 1987). Put another way, "extreme circumstances . . . must exist before a due process violation will be found." *United States v. Savage*, 701 F.2d 867, 868 (11th Cir. 1983). In addition, for the sanction of dismissal of an indictment to be appropriate the defendant must show demonstrable prejudice, or a substantial threat thereof. *United States v. Morrison*, 449 U.S. 361, 365 (1981). The dismissal of an indictment is an extraordinary remedy and one the Supreme Court characterized as "drastic," *Id*. at 367, and the Tenth Circuit has described as a "draconian sanction." *United States v. Gonzalez*, 248 F.3d 1201, 1205 (10th Cir. 2001).

One reason Congress ratified 18 U.S.C. § 4241 was to address the due process concerns raised by the Supreme Court in *Jackson v. Indiana*, 406 U.S. 715 (1972), cited by the Defendant in support of his request for dismissal of the Indictment (*see* Doc. 116 at 3). *See United States v. Donnelly*, 41 F.4th 1102, 1105 (9th Cir. 2022) ("Congress enacted § 4241 as part of a broad overhaul of the provisions governing pre-trial competency determinations following the Supreme Court's decision in" *Jackson*.). In *Jackson*, the Supreme Court held the Fourteenth

Amendment's Due Process Clause prohibits a state from detaining a defendant for an indefinite period simply because he is not competent to stand trial. *Id*. at 731. The defendant in *Jackson* was committed and confined to the State of Indiana's Department of Mental Health for three-and-a-half years without any indication that his competency could be restored. *Id*. at 738-39. The Supreme Court held that such indefinite confinement violated the defendant's due process rights. "At the least, due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." *Id*. at 738. Thus, a person committed "solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future." *Id*.

The Defendant's case is distinguishable from *Jackson* in a material way. In *Jackson*, the defendant challenged his prolonged, indefinite confinement in a psychiatric facility. *Id*. at 738. In the case at bar, the Defendant has not yet reached the treatment facility to receive competency restoration. Rather, he is challenging his prolonged detention while awaiting transfer to FMC-Butner and alleging a due process violation and seeking dismissal of the Indictment, citing *Jackson* in support. But the United States is not aware of any Supreme Court or Eleventh Circuit precedent holding that *Jackson* imposes analogous constitutional limitations on pre-hospitalization delays.

Several district courts have considered how much pre-hospitalization delay is too much. While these courts did not necessarily identify a precise time as the acceptable and final limit – perhaps cautioned by *Jackson's* admonition that it was inappropriate for the court "to attempt to prescribe arbitrary time limits," *Id*. at 738 – most decided that whatever the limit may be the Attorney General exceeded it. *See, e.g., United States v. Smith*, 764 F.Supp.2d 541 (W.D.N.Y. 2011) (court ordered that the defendant should be released, unless the court concludes the defendant poses a danger to the community, due to the over ten-week pre-hospitalization delay); *United States v. Zapata-Herrera*, No. 14-CR-3639-GPC, 2015 WL 4878319 (S.D. Cal. Aug. 14, 2015) (court indicated that a seven-day wait to begin competency restoration treatment could be unconstitutional, but held dismissing the indictment was not the appropriate remedy); *United States v. Carter*, 583 F.Supp.3d 94 (D.D.C. 2022) (court dismissed the indictment because the pre-hospitalization delay of over four months exceeded the scope of the statute but placed the order in abeyance for approximately three weeks so the government could pursue civil commitment); *United States v. Bravo-Cuevas*, No. CR-22-00076-001-PHX-DWL, 2022 WL 3042916 (D. Arizona Aug. 2, 2022) (court denied the defendant's motion to dismiss the indictment where the pre-hospitalization delay had not reached four months); *United States v. Leusogi*, No. 2:21-CR-32-TS, 2022 WL 11154688 (D. Utah Oct. 19, 2022) (court denied the defendant's motion to dismiss the indictment but in light of the four-month pre-hospitalization delay ordered the Attorney General to transport the defendant to a

suitable facility for competency restoration within a week); *United States v. Wazny*, No. 3:21-CR-247, 2022 WL 17363048 (M.D. Pa. Dec. 1, 2022) (court granted the defendant's motion to compel and ordered the Attorney General to hospitalize the defendant in a suitable facility within 30 days after an eight-month delay); *United States v. McCall*, No. 1:21-cr-474-Una, 2022 WL 19561433 (N.D. Ga. Dec. 12, 2022) (court determined that dismissal of the indictment was not the appropriate remedy after an eight month pre-hospitalization delay but ordered prompt transport of the defendant with updates to the court every fourteen days); *United States v. Lee*, No. 1:21-cr-20034-Altonaga, 2022 WL 18275882 (S.D. Fla. Dec. 27, 2022) (court found no violation of 18 U.S.C. § 4241 resulting from a five-month pre-hospitalization delay as the government's behavior was not "egregious or outrageous"); *United States v. Ficklin*, No. 3:22-cr-42-KHJ-LGI, 2023 WL 417405 (N.D. Miss. Jan. 25, 2023) (court held that a 100-day pre-hospitalization period of incarceration was insufficient to warrant dismissal); *United States v. Lara*, No. 1:21-cr-01930-MLG, 2023 WL 3316274 (D. New Mexico May 5, 2023) (court denied the government's motion for reconsideration and granted the defendant's motion to dismiss the indictment after an eight and a half month pre-hospitalization delay); *United States v. Calderon-Chavez*, No. EP-22-CR-01664-DCG-1, 2023 WL 5345582 (W.D. Texas August 18, 2023) (court reserved ruling on the defendant's motion to dismiss indictment after a nine-month pre-hospitalization confinement and ordered the government to admit the defendant into a suitable treatment facility within three weeks or the court would reconsider the motion to dismiss).

A significant consideration for some courts when determining whether a defendant's due process rights have been violated during a lengthy pre-hospitalization delay is whether the defendant is already being detained for a reason other than their incompetency. *See United States v. Hatter*, No. 14-CR-1811-GPC, 2015 WL 1511015, at *2 (S.D. Cal. March 19, 2015) (court found there was an overriding legitimate interest served by detaining the defendant while awaiting treatment given the defendant's danger to the community); *United States v. Jones*, No. CR 19-27-BU-DLC, 2020 WL 7127321, at *2 (D. Montana December 4, 2020) (court denied the defendant's due process challenge related a three-month pre-hospitalization delay where the defendant was detained after a finding that he posed a threat to the community as well as a risk of flight).

A case broadly analogous in principle to that of the Defendant's is *United States v. Gamarra*, 308 F. Supp. 3d 230, 233 (D.D.C. 2018). The court determined that while the defendant's six-and-a-half-month hospitalization commitment for competency restoration treatment at FMC-Butner violated 18 U.S.C. § 4241(d)(1) four-month limit, the proper remedy was not dismissing the indictment, and the Constitution did not require dismissal as the violation did not affect his substantial rights. *Id*. at 233. One reason the court found dismissal inappropriate was the length of the defendant's confinement was "to some extent due to his own actions," namely "refusing to consistently take his medication" and "his counsel's agreement to prior continuances of status hearings." *Id*. Those particular actions do not exist in the Defendant's case, but to some extent his continued detention is due to his own

10

actions, specifically his detainer warrants in the State of Florida. As stated above, the United States has twice recommended the Defendant's release from federal custody subject to reasonable conditions of release (*see* Docs. 38 and 115). The fact the Defendant has a detainer warrant in the State of Florida possibly complicating his release is not a complication created by the United States or admittance delays at FMC-Butner.

Based on the law and a totality of the circumstances, the Defendant's due process rights have not been violated, and dismissing the Defendant's Indictment is not an appropriate remedy for the Defendant's delayed placement at FMC-Butner and his continued detention. Dismissing an indictment certainly can be appropriate in limited circumstances, like failing to prosecute. *See United States v. Craigue*, 557 F. Supp. 3d 339, 345-46 (D. New Hampshire 2021). A violation of court orders could also warrant dismissal. *See Leusogi*, 2022 WL 16855426, at *4. And flagrant prosecutorial misconduct could permit dismissal. *See Carter*, 2019 WL 9410160, at *2. But those factors are not present in the case at bar. The United States has made, and continues to make, every attempt to ensure the Defendant's placement at FMC-Butner given the resources at its disposal. That the Defendant is experiencing a lengthy pre-hospitalization delay is unfortunate, but it does not violate his due process rights. It is a result of the reality of a system where the needs exceed present resources. And it is a problem the Bureau of Prisons is taking action to address, as set forth in Doc. 115-1.

The United States respectfully submits that this is not grounds to dismiss the Defendant's Indictment.

                                 Respectfully submitted,

                                 ROGER B. HANDBERG
                               United States Attorney

By:    ***/s/ Adam J. Nate***
         Adam J. Nate
         Assistant United States Attorney
         FL Bar No. 0077004
         400 W. Washington Street, Suite 3100
         Orlando, Florida 32801
         Telephone:  (407) 648-7500
         Facsimile:   (407) 648-7643
         E-mail:      adam.nate@usdoj.gov

**U.S. v. RAKEEM OLAJUWON HILL**     **Case No. 6:22-cr-184-RBD-EJK**

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Grady C. Irvin, Jr.
Attorney for the Defendant

/s/ *Adam J. Nate*
Adam J. Nate
Assistant United States Attorney
FL Bar No. 0077004
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: adam.nate@usdoj.gov